IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BOSTIK, INC., STARQUARTZ
INDUSTRIES, INC.

    Plaintiffs,

Case No.

v.

SELECTIVE WAY INSURANCE
COMPANY, SELECTIVE INSURANCE
COMPANY OF AMERICA

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

COME NOW Plaintiffs, Bostik, Inc. ("Bostik"), and StarQuartz Industries, Inc. ("StarQuartz"), by and through their legal counsel, Connon Wood Scheidemantle LLP, and as and for their Complaint for Declaratory Relief, Breach of Contract, and Breach of Duty of Good Faith and Fair Dealing against Selective Way Insurance Company ("Selective Way") and Selective Insurance Company of America ("Selective of America"), allege as follows:

1. Plaintiff Bostik is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Wauwatosa, Wisconsin, in Milwaukee County, Wisconsin.

2. Plaintiff StarQuartz is a corporation incorporated under the laws of the State of Maryland, with its principal place of business in Wauwatosa, Wisconsin, in Milwaukee County, Wisconsin. Bostik purchased all of StarQuartz's stock from another entity as of January 3, 2011 ("StarQuartz Acquisition Date"), and has since that date held StarQuartz as a wholly owned subsidiary.

1

3. Defendant Selective Way is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Branchville, New Jersey. Selective Way is in the business of issuing general liability and other insurance policies.

4. Defendant Selective of America is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Branchville, New Jersey. Upon information and belief, Selective of America administers insurance policies issued by Selective Way.

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interests and costs. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, including the following: (a) Bostik entered into the Bostik Coverage Agreement, as defined below, in this District; (b) Bostik paid premiums on certain insurance policies at issue in this action in this District; (c) invoices for the defense costs at issue in this coverage action were issued to Bostik in this District; (d) Bostik oversaw and managed the litigation that gave rise to the defense costs that are at issue in this District; and (e) Bostik paid the defense costs at issue from this District.

## *GENERAL ALLEGATIONS*

6. This is an insurance recovery dispute. From June 1, 2008, through June 1, 2011, StarQuartz had in full force and effect with Selective Way insurance policies bearing Policy No. 1858029, which included commercial general liability coverage. Selective Way initially issued a policy for the time period June 1, 2008, through June 1, 2009, and reissued policies for the time period June 1, 2009, through June 1, 2010, and the time period June 1,

2010, through June 1, 2011. The aforementioned policies are referenced herein collectively as the "Policy." Attached hereto as Exhibits A, B, and C are true and correct copies of the Policy as issued or reissued for each respective time period. The Policy imposes on Selective Way a duty to defend StarQuartz against any suits seeking damages for bodily injury or property damage occurring during the Policy period and otherwise covered by the Policy.

7. By letter agreement dated April 11, 2011, between Selective Way, on the one hand, and Bostik and StarQuartz, on the other hand ("Bostik Coverage Agreement"), Selective Way agreed to add Bostik as a named insured under the Policy with respect to claims involving products manufactured before the StarQuartz Acquisition Date to the same extent that StarQuartz would have been covered prior to the StarQuartz Acquisition Date. Attached hereto as Exhibit D is a true and correct copy of the Bostik Coverage Agreement. Bostik entered into the Bostik Coverage Agreement in this District.

8. Upon information and belief, as the result of an arrangement between Selective Way and Selective of America, Selective of America has joint and several responsibility for Selective Way's obligations to Bostik and StarQuartz. Defendants Selective Way and Selective of America are referred to collectively as the "Selective Defendants."

9. On December 20, 2011, P. Craig and Nicole B. Morrow ("Morrows") filed a "First Supplemental and Amending Petition for Damages" naming StarQuartz and Bostik as defendants in an existing lawsuit in the 27th Judicial District Court, Parish of St. Landry, State of Louisiana, Civil Docket No. 08-C-4342-B (the "Morrow Action"). The Morrow Action alleged that grout manufactured by StarQuartz, used for a tile deck installed at the Morrows' residence in 2008 and again to re-grout the deck in 2009, was defective in design, construction, and composition; failed to prevent water leakage; and failed to perform as designed and

3

intended and as proclaimed by StarQuartz and Bostik. The Morrows further alleged that water leakage and property damage had occurred from the date of the installation through the date the Morrow Action was filed. All StarQuartz grout products at issue in the Morrow Action were manufactured before the StarQuartz Acquisition Date.

10. The Morrow Action triggered the Selective Defendants' duty to defend StarQuartz and Bostik under the Policy and the Bostik Coverage Agreement.

11. By letter dated April 3, 2012 ("Tender Letter"), StarQuartz and Bostik provided notice and tendered the Morrow Action to the Selective Defendants and requested defense and indemnification coverage under the Policy. Attached hereto as Exhibit E is a true and correct copy of the Tender Letter, including its enclosures.

12. The Selective Defendants responded to the Tender Letter by letter dated May 30, 2012, in which the Selective Defendants acknowledged that the Policy "obligates Selective to provide a legal defense to [StarQuartz] and Bostik, whenever potentially covered claims are asserted. Because such claims have been alleged here, Selective will defend [StarQuartz] and Bostik against the claims asserted in the [Morrow] lawsuit." Selective agreed to provide a defense to StarQuartz and Bostik under a reservation of rights. Attached hereto as Exhibit F is a true and correct copy of the Selective Defendants' May 30, 2012, letter.

13. StarQuartz and Bostik retained the law firm of Connon Wood Scheidemantle LLP (the "CWS Firm"), which regularly handles litigation on behalf of Bostik and StarQuartz nationwide, to serve as independent counsel, with the assistance of the Onebane Law Firm (the "Onebane Firm") locally in Louisiana, to defend StarQuartz and Bostik in the Morrow Action. The Morrow Action was actively litigated against StarQuartz and Bostik until the Morrows agreed to settle with and release StarQuartz and Bostik on or about February 1, 2013. In

4

recognition of their coverage obligations under the Policy, the Selective Defendants paid the full amount of StarQuartz and Bostik's share of the settlement. The Morrows dismissed their action against StarQuartz and Bostik with prejudice on April 10, 2013.

14. StarQuartz and Bostik have paid a total of $169,347 in defense costs for the defense of Bostik and StarQuartz in the Morrow Action. All defense costs incurred were reasonable and necessary. The Selective Defendants benefitted from the efficiency that resulted from representation of StarQuartz and Bostik by the CWS Firm, with longstanding knowledge of and experience with StarQuartz and Bostik's products and business practices, together with the Onebane Firm, with knowledge of and experience with local Louisiana law and practices. The work of CWS and the Onebane Firm was carefully managed to avoid duplication of effort.

15. StarQuartz and Bostik have provided the Selective Defendants with invoices for all defense costs incurred and have contacted the Selective Defendants at least six times over the course of four and a half months requesting reimbursement for defense costs. In a phone conversation on February 12, 2013, Anita Mazakas, a representative of the Selective Defendants, informed the CWS Firm that she saw no issues with a prompt reimbursement of defense costs.

16. Despite the Selective Defendants' acknowledgement of their obligation to provide a defense to StarQuartz and Bostik in the Morrow Action and their agreement to cover defense costs, despite StarQuartz and Bostik's repeated requests that the Selective Defendants provide reimbursement for defense costs, and despite Selective's indication that there were no issues with the prompt reimbursement of defense costs, the Selective Defendants have wrongfully failed and refused to reimburse StarQuartz and Bostik for any defense costs, in

breach of the contractual obligations imposed by the Policy and the Bostik Coverage Agreement.  After substantially benefitting from the settlement that resulted from the defense provided by the CWS Firm and the Onebane Firm, the Selective Defendants unreasonably have withheld and continue to withhold from StarQuartz and Bostik the Policy benefit of payment for that defense.  StarQuartz and Bostik therefore bring this action for breach of the Policy and the Bostik Coverage Agreement, for breach of Selective's duty of good faith and fair dealing arising out of their contractual relationship with StarQuartz and Bostik, for a declaratory judgment, and for further relief as described below.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

17. StarQuartz and Bostik incorporate by reference herein paragraphs 1 through 16, inclusive.

18. StarQuartz and Bostik request a declaration of the rights, obligations, status and other legal relations arising out of the Policy, with respect to StarQuartz and Bostik, on one hand, and the Selective Defendants, on the other hand.  StarQuartz and Bostik specifically seek an order declaring as follows:

   a. The Policy obligates the Selective Defendants to provide a defense to StarQuartz in the Morrow Action, as acknowledged by the Selective Defendants.

   b. The Policy and the Bostik Coverage Agreement obligate the Selective Defendants to provide a defense to Bostik in the Morrow Action, as acknowledged by the Selective Defendants.

   c. The Selective Defendants have breached their duty under the Policy to defend StarQuartz against the Morrow Action.

6

d. The Selective Defendants have breached their duty under the Policy and the Bostik Coverage Agreement to defend Bostik against the Morrow Action.

e. The Selective Defendants failed to follow the procedures mandated by Wisconsin courts for determining coverage and, therefore, have waived and/or are estopped from asserting defenses to coverage under the Policy.

f. The rates paid by StarQuartz and Bostik for defense of the Morrow Action were reasonable, and all defense costs incurred by StarQuartz and Bostik in defending the Morrow Action were reasonable and necessary.

g. The Selective Defendants are required to cover the entire $169,347 of outstanding and unreimbursed defense costs StarQuartz and Bostik have incurred in the Morrow Action.

h. The Selective Defendants are required to pay StarQuartz and Bostik's costs and attorneys' fees incurred in pursuing this declaratory judgment.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

19. StarQuartz and Bostik incorporate by reference herein paragraphs 1 through 18, inclusive.

20. By failing to reimburse StarQuartz and Bostik's defense costs, the Selective Defendants breached their duties under the Policy and the Bostik Coverage Agreement to defend StarQuartz and Bostik against the Morrow Action.

21. StarQuartz and Bostik performed all of their obligations under the Policy and the Bostik Coverage Agreement except for those obligations that were excused by the Selective Defendants' breaches.

7

22. As a direct and proximate result of the Selective Defendants' breaches of their contractual obligations to StarQuartz and Bostik, StarQuartz and Bostik have suffered damages that include, without limitation, the entire $169,347 of defense costs StarQuartz and Bostik have incurred in the Morrow Action, plus interest. Pursuant to Wis. Stat. § 628.46, StarQuartz and Bostik are entitled to statutory interest at the rate of 12% per annum on the amount due on each defense costs invoice accruing from 30 days after the Selective Defendants' receipt of each invoice.

## THIRD CLAIM FOR RELIEF

### Breach of Duty of Good Faith and Fair Dealing

23. StarQuartz and Bostik incorporate by reference herein paragraphs 1 through 22, inclusive.

24. By failing to defend StarQuartz and Bostik by reimbursing their defense costs in the Morrow Action, as required by the Policy and the Bostik Coverage Agreement, the Selective Defendants have, without reasonable basis, denied StarQuartz and Bostik the benefits of the Policy and the Bostik Coverage Agreement. Upon information and belief, the Selective Defendants have acted with knowledge or reckless disregard for the lack of a reasonable basis for denying coverage to StarQuartz and Bostik. In so doing, the Selective Defendants have violated the special duty of good faith and fair dealing arising out of their contractual relationship with StarQuartz and Bostik.

25. In engaging in the conduct described above, the Selective Defendants have acted with special ill-will, with wanton disregard of their duties, and/or in a gross or outrageous manner. For that reason, StarQuartz and Bostik seek an award of punitive damages as a means of punishing such conduct and deterring its repetition.

WHEREFORE, Plaintiff StarQuartz and Bostik demand judgment against the Selective Defendants as follows:

A. An order declaring:

1. The Policy obligates the Selective Defendants to provide a defense to StarQuartz in the Morrow Action, as acknowledged by the Selective Defendants.

2. The Policy and the Bostik Coverage Agreement obligate the Selective Defendants to provide a defense to Bostik in the Morrow Action, as acknowledged by the Selective Defendants.

3. The Selective Defendants have breached their duty under the Policy to defend StarQuartz against the Morrow Action.

4. The Selective Defendants have breached their duty under the Policy and the Bostik Coverage Agreement to defend Bostik against the Morrow Action.

5. The Selective Defendants failed to follow the procedures mandated by Wisconsin courts for determining coverage and, therefore, have waived and/or are estopped from asserting defenses to coverage under the Policy.

6. The rates paid by StarQuartz and Bostik for defense of the Morrow Action were reasonable, and all defense costs incurred by StarQuartz and Bostik in defending the Morrow Action were reasonable and necessary.

7. The Selective Defendants are required to cover the entire $169,347 of outstanding and unreimbursed defense costs StarQuartz and Bostik have incurred in the Morrow Action.

8. The Selective Defendants are required to pay StarQuartz and Bostik's costs and attorneys' fees incurred in pursuing this declaratory judgment.

B. $169,347 in costs and attorneys' fees incurred by StarQuartz and Bostik in defending against the Morrow Action;

C. Interest at the rate of 12% per annum pursuant to Wis. Stat. § 628.46;

D. All costs and attorneys' fees incurred by StarQuartz and Bostik in pursuing this action for declaratory relief;

E. All other damages flowing from the Selective Defendants' breaches of the Policy and the Bostik Coverage Agreement;

F. All other damages proximately caused by the Selective Defendants' breaches of their duties of good faith and fair dealing under the Policy and the Bostik Coverage Agreement;

G. Punitive or exemplary damages; and

H. Such other and further relief as deemed just and equitable by the Court.

Dated: June 27, 2013

Respectfully submitted,

David R. Scheidemantle
CONNON WOOD SCHEIDEMANTLE LLP
35 East Union Street, Suite C
Pasadena, California 91103
Telephone: (626) 638-1752
Facsimile: (626) 792-9304
Email: dscheidemantle@connonwood.com

BY: s/ David R. Scheidemantle
DAVID R. SCHEIDEMANTLE

Attorneys for Plaintiffs BOSTIK, INC. and
STARQUARTZ INDUSTRIES, INC.